UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

February 2, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Carol P. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
Civil No. 23-0750-CDA

Dear Counsel:

On March 19, 2023, Plaintiff Carol P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 6) and the parties' briefs (ECFs 9 and 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 27, 2019, alleging a disability onset of September 13, 2018. Tr. 274–76. Plaintiff's claims were denied initially and on reconsideration. Tr. 287, 295. On May 19, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 234–267. Following the hearing, on September 7, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 7–22. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on December 27, 2019. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Carol P. v. O'Malley*
Civil No. 23-0750-CDA
February 2, 2024
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of September 13, 2018[,] through her date of last insured of June 30, 2019." Tr. 12. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, anemia, status-post pulmonary embolism and deep vein thrombosis, and uterine leiomyoma[.]" Tr. 12. The ALJ also determined that Plaintiff suffered from the non-severe impairments of obesity. Tr. 14. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 12–13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ropes, ladders, and scaffolds. She must avoid concentrated exposure to fumes, odors, dusts, gases, and hazards, such as dangerous machinery and unprotected heights.

Tr. 14. The ALJ determined that Plaintiff could perform past relevant work as a Security Guard (DOT[3] #372.667–034) and, in addition to her past relevant work, Plaintiff could perform other jobs that existed in significant numbers in the national economy. Tr. 16–17. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 18.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises three overarching arguments on appeal: that the ALJ erroneously (1) assessed Plaintiff's RFC, (2) evaluated Plaintiff's subjective complaints, and (3) determined that Plaintiff could perform her past relevant work as a security guard. ECF 9, at 3, 16, 20. Plaintiff supports her first argument by stating that the ALJ failed to (a) set forth a narrative discussion to support Plaintiff's RFC, (b) properly assess Plaintiff's RFC by evaluating her symptoms, (c) perform a function-by-function assessment of Plaintiff's work-related abilities, (d) properly evaluate "pertinent evidence[,]" and (e) evaluate the combination of Plaintiff's impairments. ECF 9, at 5–12. Defendant counters that substantial evidence supports the ALJ's (1) RFC finding, (2) evaluation of Plaintiff's reported symptoms and subjective complaints, and (3) reliance on the vocational expert's ("VE") testimony to conclude that Plaintiff was not disabled. ECF 12, at 5, 9, 12.

The Court focuses on Plaintiff's first argument, that the ALJ erroneously assessed Plaintiff's RFC by failing to properly evaluate pertinent evidence, as it is dispositive. An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)–(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a). "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

The ALJ has a duty to develop the record and consider all the relevant evidence when rendering a decision. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into issues necessary for adequate development of the record and cannot rely on the evidence submitted . . . [that] is inadequate."). "[R]emand is

*Carol P. v. O'Malley*
Civil No. 23-0750-CDA
February 2, 2024
Page 4

necessary if the record has evidentiary gaps that result in unfairness or clear prejudice." *Lorenzo H. v. Saul*, No. GLS-18-1211, 2019 WL 3720255, at *2 (D. Md. Aug. 5, 2019) (citing *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)).

Here, the ALJ failed to identify relevant evidence. First, following Plaintiff's release from the hospital in October of 2018, Plaintiff had home rehabilitative care. Tr. 1045–1265, 1450–1596. Plaintiff required this type of medical intervention "due to [her] residual weakness, difficulty ambulating, impaired functional mobility, and the inability to leave her home unassisted." ECF 9, at 11. In June 2019, Plaintiff presented to the emergency room with intense sciatica pain. Tr. 588. In September of the same year, Plaintiff was diagnosed with low back pain with radiculopathy, with multilevel degenerative disc disease and ventral flattening of the thecal sac and foraminal narrowing shown by MRI. Tr. 853, 873–75. The ALJ made no mention of these records and concluded that Plaintiff's sciatica did not appear to have "significant effects on her ability to ambulate." Tr. 16.

Additionally, the ALJ omitted any medical findings after the Plaintiff's date of last insured ("DLI"). "Evidence developed after a claimant's termination of insured status may be relevant to prove disability arising before the date last insured if it relates back to the period when the claimant was insured and provides evidence of her impairments at that time." *Lambert v. Colvin*, No. 14-171, 2016 WL 721523, at *4 (W.D. Va. Feb. 4, 2016). For example, it is unclear whether the ALJ evaluated the medical records from CCI Health Wellness Services where Plaintiff complained of "pain in [the right] hip radiating to [the right] leg" and that she "ambulate[d] with a cane." Tr. 1830–1951, 1839. The ALJ did not mention Plaintiff's acetabulum fracture requiring an inpatient hospital stay or a second inpatient hospital stay when the Plaintiff presented to the emergency department with shortness of breath and chest pain. Tr. 1435–1449, 1266–1434. The ALJ did not identify whether they evaluated Plaintiff's medical evidence from Silver Spring Health Center, where she had multiple encounters during the course of two years. Tr. 856–899. Thus, it is unclear the extent to which the ALJ evaluated Plaintiff's complaints of heart palpitations with dizziness, back pain with lumbar radiculopathy, and hip pain with attempts at injections and utilization of medications, as well as her multiple encounters devoted to obesity-related complaints. Tr. 856–899. An evaluation of these conditions may have impacted the ALJ's analysis at step two and step three to the extent they relate back and provide evidence relevant to Plaintiff's impairments. *See Lambert*, 2016 WL 721523, at *4. The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." *Lewis v. Saul*, No. DCN-19-2298, 2021 WL 1040512, at *3 (D.S.C. Mar. 18, 2021) (quoting 20 C.F.R. § 404.1520(a)(3)). Accordingly, I am unable to conclude that substantial evidence supports the ALJ's RFC determination.

Without a fully developed record, it is impossible for the Court to determine if the RFC is supported by substantial evidence. When the ALJ fails to include pertinent evidence, it is "impossible to tell whether the [claimant] meets the requirements in the list of impairments [to determine disability]." *Cook*, 783 F.2d at 1173. Thus, the ALJ's failure to develop the record "amount[s] to neglect of his duty" and remand is warranted. *Id.* at 1174. The ALJ's failure to acknowledge "and/or consider the evidence included by Plaintiff was prejudicial to Plaintiff

*Carol P. v. O'Malley*
Civil No. 23-0750-CDA
February 2, 2024
Page 5

because the ALJ may have reached a different conclusion had they considered this evidence." *Maxine C. v. Kijakazi*, No. BAH-22-0528, 2022 WL 16856272, at *4 (D. Md. Nov. 10, 2022).  It is not the role of this Court to evaluate the evidence, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), however, the ALJ, "has a duty to resolve [conflicting medical evidence]," *Richardson v. Perales*, 402 U.S. 389, 399 (1971).  A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits."  *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984).

Because it is not clear that the ALJ analyzed all evidence in Plaintiff's record, the Court cannot engage in meaningful review to determine whether substantial evidence supports the ALJ's decision.  *See Rogers v. Kijakazi*, 62 F.4th 872, 881 (4th Cir. 2023) (judicial review is frustrated by the omission of relevant evidence from the RFC assessment); *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388-89 (4th Cir. 2021) (noting error based on ALJ's failure to address "considerable" and "relevant evidence"); *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (finding error where the ALJ failed "to discuss what appears to be a substantial portion of the record," regardless of whether the ALJ was ultimately "[r]ight or wrong" in deciding not to credit that evidence); *Lewis*, 2021 WL 1040512, at *3 ("An ALJ's failure to consider pre-disability onset date evidence is contrary to the clear instruction of the Social Security regulations and the relevant case law.")

Since the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.  Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge